IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason L. Stires,

    Plaintiff,

    v.                      Case No. 2:17-cv-811

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Jason L. Stires brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits. In a decision dated October 3, 2016, the administrative law judge ("ALJ") found at step two of the five-step analysis required under the social security regulations that plaintiff had severe impairments consisting of degenerative disc disease of the spine; and affective disorder; an anxiety disorder; an antisocial personality disorder; and a history of substance abuse, specifically opiate abuse. PAGEID 70. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit him to perform light work. The RFC also limited plaintiff to performing simple, routine, repetitive tasks involving only simple work-related decisions and few if any workplace changes in an environment without strict production quotas or fast-paced work, such as on an assembly line, and with only occasional/superficial interaction with the general public, coworkers, and supervisors. PAGEID 74. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform

and that plaintiff was not disabled.  PAGEID 84-85.

This matter is before the court for consideration of plaintiff's July 17, 2018, objections to the July 3, 2018, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.  The government has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own

2

regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff's objections concern his second claim that the ALJ erred in not finding, at step two of the sequential evaluation process, that his diagnosed condition of posttraumatic stress disorder ("PTSD") constituted a severe impairment. Plaintiff argues that because the ALJ did not specifically identify plaintiff's PTSD condition as being either a severe or non-severe impairment at step two, it is impossible to determine if the ALJ considered PTSD in formulating his RFC. Plaintiff contends that this error requires remand.

Under 20 C.F.R. §404.1520(a)(4)(ii), at step two of the five-step analysis, the Commissioner must determine whether the claimant has a severe impairment. Step two is the means by which the Commissioner screens out totally groundless claims, *see Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," *see Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988). Where an ALJ finds at least one severe impairment and considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)); *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003)(where the ALJ found a

3

severe impairment at step two and considered all impairments in the RFC assessment, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence").

A claimant's RFC is the most that a claimant can do despite his limitations. 20 U.S.C. §404.1545(a)(1). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014). Regardless of whether an impairment is severe or non-severe, limitations arising from the impairment must be included in the RFC only if the impairment affects a claimant's capacity to work. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 426 (6th Cir. 2007).

The court agrees with the magistrate judge's recommendation that this claim of error be overruled. In making his RFC determination, the ALJ indicated that he carefully considered the entire record, including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" PAGEID 74. Although the ALJ did not specifically mention PTSD at step two of the analysis, the ALJ specifically addressed and thoroughly considered plaintiff's history of treatment for PTSD during his step four analysis of plaintiff's RFC.

The ALJ stated that plaintiff reported that he was unable to work due to a combination of conditions, "including a posttraumatic stress disorder[.]" PAGEID 74. The ALJ further noted plaintiff's claims that as a result of his mental health conditions, "including PTSD," he has difficulty remembering things, has trouble

4

interacting with others, and experiences panic attacks and hypervigilance. PAGEID 74; *see also* PAGEID 77 ("The record supports a remote history of ... posttraumatic stress disorder[.]").

The ALJ noted that in November, 2015, when plaintiff was admitted for emergency inpatient mental health treatment stemming from abuse of opiate medications, he reported symptoms of PTSD, including flashbacks, avoidance and nightmares. PAGEID 77. Plaintiff was prescribed medication for his conditions and his mental health functioning improved with treatment. PAGEID 77. The ALJ summarized later treatment notes from 2015 which showed no significant mental health problems. PAGEID 77. In January, 2016, plaintiff reported difficulties getting along with others and concentrating, and he showed some anxiousness and irritability. PAGEID 77. However, the ALJ observed that later in 2016, plaintiff showed progress with his mental health treatment and was able to attend social events. PAGEID 78.

The ALJ concluded that the objective evidence in the record did not support plaintiff's subjective complaints. PAGEID 80. The ALJ noted that despite his mental health conditions, plaintiff is able to live independently, to care for his own personal needs and those of his five-year-old daughter, to drive, and to manage his medications and health care. PAGEID 78, 80. The ALJ noted that although plaintiff reported that his "PTSD and other mental conditions" resulted in reduced concentration, plaintiff was able to obtain a commercial driver's license, engage in five to ten hours of video game play, and several hours of online poker play per week without an noted deficits or distractions. PAGEID 80.

5

The ALJ observed that although plaintiff claimed to be isolated, records indicated that he talks with his family daily on Facebook, has regular contact with his daughter, and engages in social activities two to three times per week. Plaintiff reported having trouble finishing tasks and following written instructions, but admitted to reading up to three books per week. PAGEID 80. The ALJ also noted that plaintiff missed mental health counseling appointments and went for months without prescribed medications. PAGEID 81.

The ALJ acknowledged that in September, 2015, the Veteran's Administration ("VA") issued a notice finding plaintiff to be "100 percent disabled due to PTSD dating back to May 2015" based on social impairment and other conditions noted in Exhibit 7F. PAGEID 74-75. The ALJ gave some weight to the VA's notice as supporting plaintiff's severe mental health conditions. *See* PAGEID 81; Exhibit 7F. However, the ALJ gave little weight to the VA's rating system, noting that it is unique to the VA and not synonymous with social security disability standards. PAGEID 81. As outlined above, the ALJ also discussed at length plaintiff's mental health treatment records from November, 2015, to July, 2016, the period after the VA's notice, noting reports of plaintiff's improvement with medication and mental health counseling. *See* PAGEID 77-78.

The ALJ afforded some weight to Exhibit 4F, the report of Dr. Christopher C. Ward, Ph.D., a consultative examiner. PAGEID 82. The ALJ noted that Dr. Ward merely summarized his observations of the plaintiff and restated plaintiff's subjective reports. However, the ALJ acknowledged Dr. Ward's opinion that plaintiff may have some limitations in responding to work pressures due to PTSD,

6

in completing tasks in a timely manner, in maintaining attention and concentration, and in engaging with others in the workplace. PAGEID 82. The ALJ concluded that Dr. Ward's opinion supported the RFC, which limited plaintiff to the performance of simple, routine tasks, simple decisions, and a generalized static work setting, with no production quotas or fast-paced work. PAGEID 82. The ALJ also gave some weight to the opinions of Cindy Matyi, Ph.D., and Leslie Rudy, Ph.D., the state agency consultants who reviewed plaintiff's mental health treatment records, including those for PTSD, and addressed work limitations they suggested in the RFC. *See* PAGEID 83; Exhibits 1A and 3A.

The court agrees with the magistrate judge's finding that the ALJ extensively discussed plaintiff's history of mental health issues, including PTSD specifically, and gave good reasons for accepting or rejecting the limitations allegedly stemming from plaintiff's mental impairments in formulating plaintiff's RFC. As the magistrate judge noted, plaintiff "has failed to identify a particular limitation arising from his PTSD that the ALJ failed to consider or that the ALJ would have included in the RFC had he identified PTSD as an impairment at step two." Doc. 19, p. 16. Plaintiff's objection is denied.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 20) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 19). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment

7

affirming the decision of the Commissioner.

It is so ordered.


Date: September 4, 2018         <u>        s/James L. Graham        </u>
                                James L. Graham
                                United States District Judge